# STRAFFORD,

## JULY TERM, A. D. 1859.

### HALL v. NUTE.

If land is devised to A for life, remainder to B for life after the death of A, remainder to the heirs of B after the death of B, the remainder to B is, during the life of A, contingent; no estate of inheritance vests in B during the life of A, and B's quitclaim deed of the land, made in the lifetime of A, will not estop the heirs of B, after his death and the death of A, from claiming the remainder limited to them.

WRIT OF ENTRY for land in Dover. The demandants counted upon their seizin in right of the wife, Eliza Hall.

It appeared on trial that David Tuttle, in 1829, died seized of the demanded premises; leaving Esther Tuttle, his widow, three sons, Samuel, James and William, and seven daughters, of whom the plaintiff Eliza is one, all still living, except James, William and Dorothy, one of the daughters, each of whom died in the life time of Esther, James first and William next, both over twenty-one years of age, unmarried and without issue, and lastly Dorothy, in 1854; leaving the defendant, her illegitimate son, and without other issue.

David Tuttle by his last will, dated November 26, 1828, and approved March 21, 1829, devised the demanded premises to his wife, Esther Tuttle, " to hold as long as she lives a natural life;' also, the land which I have given to my wife, Esther Tuttle, as long as she lives, after her decease I give and bequeath the same to my son, William Tuttle, as long as he lives a natural life, and no longer;

and after his decease I give and bequeath the same to his heirs, and their heirs and assigns."

William Tuttle, on the 17th of December, 1839, by his deed of that date, in consideration of two hundred dollars, released and quitclaimed to Esther Tuttle, her heirs and assigns, premises described as follows : "All the right and title I have *and to* a certain piece or parcel of land, situate in said Dover, formerly the homestead farm of the late David Tuttle, deceased, containing sixty acres, more or less ; it being the same farm that was bequeathed to me by my late father, David Tuttle, in and by his last will and testament, after my mother's decease."

Esther Tuttle, by her last will, dated April 6, 1850, and approved the first Tuesday of April, 1858, devised to the defendant all the real estate she then lived on, and all the right that she purchased of her son, William Tuttle. At the date of her will she was living on the premises.

A verdict was ordered by the court for the demandants for one eighth of the demanded premises, subject to the opinion of the whole court on the foregoing case ; the verdict to be set aside, or amended, and judgment entered for the defendants, according to the opinion of the court.

*Christie,* for the demandants.

*Wheeler,* for the defendant.

The rule in Shelley's case is applicable, and settles that William Tuttle under this devise took an estate in fee simple ; and consequently his deed to Esther Tuttle conveyed to her the whole estate. Cruise's Dig., P., 38, ch. 14 ; 1 Preston on Estates 263, 419 ; 4 Kent's Com. 214.

This rule has been recognized in Massachusetts, *Brown* v. *Potter,* 4 Pick. 205 ; *Steel* v. *Cook,* 1 Met. 281 ; in Connecticut, *Bishop* v. *Sellock,* 1 Day 299 ; in New-York, *Schoonmaker* v. *Shelley,* 3 Hill 165 ; *Brant* v. *Geltson,* 2 Johns. Ch. 384 ; in Virginia, *Smith* v. *Chapman,* 1 Hen. &

Mun. 240; in Pennsylvania, *Findley* v. *Biddle*, 3 Penn. 139;
and in the Supreme Court of the United States, *Webster* v.
*Cooper*, 14 Howard 488; and must now be regarded as a
settled rule of law by all American as well as English
courts, where no statute conflicts with it.

PERLEY, C. J.   Was the remainder limited to William
Tuttle vested or contingent?   The land is devised to
Esther Tuttle as long as she lives, and after her decease to
William Tuttle as long as he lives a natural life, and no
longer, and after his decease to his heirs.   William Tuttle
under this devise could not take the estate limited to him
in remainder until the death of Esther Tuttle.   If her
estate were destroyed during her life, by forfeiture or by
surrender and merger in the inheritance, the remainder
limited to William Tuttle could never vest in possession,
though he might survive his mother, because there would
be no particular estate to support the remainder.   If the
remainder had been limited on the life estate of Esther
Tuttle, then, whenever that estate determined, whether
by her death or otherwise, William Tuttle, while he lived,
would have been an ascertained person qualified to take,
and the remainder would have been a vested and not a
contingent remainder.   But this remainder is not limited
to take effect on the determination of Esther Tuttle's
estate for life, but can only take effect on and after her
death; and this makes the remainder contingent.

A person devised land to his son, J. L., for the term of
his natural life, and after his decease unto the heirs, male
and female, of the said J. L.   J. L., after the death of the
testator, entered and suffered a recovery.   The court held
that J. L. had only an estate for life, with a remainder in
fee to his heirs, male and female, and that the remainder,
*being contingent*, was destroyed by the recovery.   *Doe* v.
*Holme*, 2 W. Bl. 777.   This is an authority in point to
show that the remainder limited to William Tuttle was

Hall *v.* Nute.

contingent, and that no estate of inheritance vested in him. See, also, 2 Bl. Com. 271, and 2 Cruise Dig. 217.

When William Tuttle conveyed to his mother, on the 17th of December, 1839, he had no vested estate; his deed purported to be a mere release or quitclaim of all his title and interest in the land, and conveyed nothing. A vested remainder may be conveyed by deed, operating on the estate at the time when the deed is made, but not a contingent remainder. The deed of William Tuttle, being a mere release, conveyed nothing, and would not estop him or his heir to claim the land on the death of his mother. *Hall* v. *Chaffee*, 14 N. H. 215; 4 Kent's Com. 261.

Supposing the rule in Shelley's case to be in force here, it does not apply to the present case; for the remainder limited to William Tuttle, being contingent, his deed made in his mother's lifetime conveyed nothing; and as he died in the lifetime of his mother, upon her death the remainder limited to the heirs of William Tuttle, vested in them. As William Tuttle was twenty-one years of age, and died unmarried, his heirs under our statute would be his mother and his surviving brothers and sisters.

It would seem to be unnecessary to inquire whether the rule in Shelley's case was ever adopted in this State; because the remainder, limited to William Tuttle, never vested in him so as to give his conveyance operation; and if the rule in Shelley's case applies, his heirs take by descent from him. If that rule does not apply, then his heirs take the same estate as purchasers under the will by the name of heirs, as a description of the persons entitled under the limitation in remainder.

James Tuttle had died, and his share went to his mother and his surviving brothers and sisters, as his heirs; and the heirs of William Tuttle were his mother and his eight surviving brothers and sisters. As Dorothy Tuttle, the defendant's mother, died after the statute of 1845 was passed, he under that statute would be heir to his mother,

and would take her share by descent from her; and he would take his grandmother's ninth part under the will. The defendant, therefore, is entitled to two undivided ninth parts of the land, and the plaintiffs are entitled to recover one undivided ninth part, being the share of the wife, Eliza Hall, as one of the nine heirs of William Tuttle, and the verdict must be amended accordingly.

Judgment that the demandants recover one undivided ninth part of the demanded premises.